UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff/Respondent,

                                 CASE NO. 05-CR-80288
v.                                       2:06-CV-12386
                                 JUDGE GERALD E. ROSEN
MICHAEL CALLENDAR,         MAGISTRATE JUDGE PAUL J. KOMIVES

      Defendant/Movant.
                                    /

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket #17). If the Court agrees with this recommendation, the Court should deny as moot defendant's motion for stay of execution of sentence and release on bond (docket #18), defendant's motion for writ of mandamus and other miscellaneous relief (docket #22), and defendant's motion for writ of mandamus and summary relief (docket #23).

II.    REPORT:

A.    *Background*

Defendant/movant Michael Callendar[1] is a federal prisoner, currently incarcerated at the Federal Correctional Institution in Milan, Michigan. On December 2, 2004, defendant was charged

---

[1] In his motion, defendant spells his surname "Callend*e*r" as rather than "Callend*a*r." The latter spelling, however, is the spelling on this Court's docket and has been used on the pleadings in this case. Accordingly, I use that spelling for the sake of consistency.

in an Information with interstate transmission of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count I), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On June 29, 2005, the parties entered into a plea agreement pursuant to FED. R. CRIM. P. 11. Under the agreement, defendant agreed to plead guilty to Count I in exchange for the government's dismissal of Count II. *See* Rule 11 Plea Agreement, ¶ 1.A (docket #4). The parties also agreed to stipulated sentencing guidelines worksheets, *see id.*, ¶ 2.A, and agreed that a sentence within the calculated guideline range of 27-33 months was a reasonable and appropriate disposition of the case, *see id.*, ¶ 2.B. The parties explicitly agreed that they would not "seek, recommend or advocate for a sentence outside of that range." *Id.* The parties also agreed to waive their rights to appellate review so long as the sentence imposed was within the calculated guideline range. *See id.*, ¶ 4.

On that same date, defendant entered his guilty plea pursuant to the plea agreement. At the plea hearing, defendant told the Court that counsel had explained both the charges and the plea agreement to him, and that he was satisfied with their representation in general and in particular with their representation in connection with the plea agreement. *See id.* at 17-18. The Court then explained each of the charges to defendant, and defendant indicated that he understood the charges. *See id.* at 18-20. The Court informed defendant that he faced a maximum possible sentence of 15 years' imprisonment on Count I, and a maximum possible sentence of 5 years' imprisonment on Count II. *See id.* at 21. The Court informed defendant of the rights he was waiving by pleading guilty, and defendant indicated that he understood the rights he was waiving. *See id.* at 21-26. The prosecutor then explained the terms of the plea agreement, *see id.* at 29-34, and defendant indicated that no one had promised him anything other than what was set forth in the plea agreement, and that

no one had coerced or pressured him into pleading guilty. *See id*. at 34-35. After establishing a factual basis, *see id*. at 35-38, the Court accepted defendant's guilty plea. *See id*. at 38.

Following the plea, the Probation Department prepared a presentence report which concluded that, because defendant's relevant conduct had continued through 2004, defendant's sentence was appropriately calculated using the 2004 version of the United States Sentencing Guidelines, rather than the 2002 version which the parties had used in preparing the plea worksheets. This resulted in a guidelines sentence range of 63-78 months' imprisonment. In light of the presentence report, the government filed a sentencing memorandum suggesting that the Court reject the Rule 11 plea agreement and permit defendant to withdraw his plea, if he so desired. The government also argued that a sentence within the properly calculated guideline range was appropriate.[2]

At the sentencing hearing, the Court and the parties discussed the import of this recalculated guideline range, and defendant accepted an amendment to the Rule 11 agreement to reflect the change:

> THE COURT: The record should also reflect that the Rule 11 Plea Agreement in this matter contemplated a sentencing guideline range of 27 to 33 months, that was based upon the 2002 sentencing guidelines.
> Because of the dates that these crimes were committed, the appropriate applicable guideline range is the 2004 guideline range.
> And the fact of applying the 2004 guideline range is to increase the guideline range from the anticipated 27 to 33 months to 63 to 78 months.
> The record should further reflect in view of the fact that the guideline range was significantly higher by virtue of this change, the Court met in chambers with counsel for the defendant and counsel for the government and conveyed to

---

[2] Under *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are merely advisory, and do not bind the Court in sentencing a defendant.

|||
|---|---|
| | counsel for the defendant that defendant could have the option of withdrawing from the plea agreement. |
| | And I wanted to put that on the record and give Mr. Sabbota an opportunity to address that. |
| | The Court's been informed Mr. Sabbota has discussed this with his client and his client is prepared to respond. |
| MR. SABBOTA: | That's correct, Judge. |
| | After our meeting in chambers, I did speak with Mr. Callendar, advised Mr. Callendar the Court was going to reject the Rule 11 Agreement, advised him the Court was inclined to sentence him to the low end, which was 63 months with the amended Rule 11 Plea Agreement. |
| | He understands he has a right to withdraw his plea, have the matter set for trial or plead guilty without a Rule 11 Agreement or accept the government's proposal, with the government's concurrence. |
| | And you wish to accept the Court's proposal; is that correct? |
| THE DEFENDANT: | Uh-huh. |

\* \* \* \*

|||
|---|---|
| THE COURT: | Okay. Mr. Callendar, just so you understand, I always – in these sorts of situations when the guideline comes back higher, I always want to make sure that the defendant understands what his options are. |
| THE DEFENDANT: | Yes, I understand. |
| THE COURT: | In this case, you would have the option of withdrawing your guilty plea and you could go to trial or, as Mr Sabbota indicated you could plead straight up without a plea agreement or you could accept the amended guideline range and, as Mr. Sabbota indicated, I've indicated to him that I thought that was an accurate and appropriate guideline range and that I would sentence within it. |
| | Now you understand, though, you're under no obligation to effectively accept the amended guideline range. You could withdraw your guilty plea. |
| | Do you understand that? |
| THE DEFENDANT: | I understand. |
| THE COURT: | Have you thought about it? |
| THE DEFENDANT: | I have. |
| THE COURT: | What do you want to do? |
| THE DEFENDANT: | I'll accept the amended plea agreement. |

4

Sentence Tr., at 6-9. The Court then sentenced defendant to a term of 63 months' imprisonment.

Currently before the Court are four motions filed by defendant. On May 26, 2006, defendant filed a combined motion to vacate his sentence pursuant to 28 U.S.C. § 2255, to show cause, for discovery and production of documents, and to proceed *in forma pauperis* (docket #17). Although defendant's claim are not entirely clear, defendant's motion primarily argues that his trial counsel rendered constitutionally inadequate assistance during the plea and sentencing proceedings. On June 29, 2006, defendant filed a motion to stay execution of his sentence and for release on bond (docket #18). On August 28, 2006, defendant filed a motion for writ of mandamus, to proceed *in forma pauperis*, for expeditious adjudication, for subpoena duces tecum, and for immediate release on bail (docket #22). Finally, on September 20, 2006, defendant filed a motion for writ of mandamus and summary relief (docket #23). The government filed a response to defendant's motions on October 5, 2006.

B.      *Legal Standard*

The substantive provisions of § 2255, which were not altered by the recently enacted Antiterrorism and Effective Death Penalty Act of 1996, provide that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255 para. 1. Thus, a defendant may be entitled to § 2255 relief if his conviction or sentence violates either the Constitution or a federal statute. However, In order to obtain relief under § 2255 on the basis of a nonconstitutional–*i.e.*, statutory or rule–error, the record must reflect a fundamental defect in the proceedings which inherently causes a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.

*Reed v. Farley*, 512 U.S. 339, 348 (1994) (Ginsburg, J.); *id*. at 355-56 (Scalia, J.); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam).  As the Seventh Circuit recently explained:

> Where "mere statutory violations are at issue," as here, the Supreme Court has recently held that § 2255 can only avail a petitioner if the alleged error spawned a "'fundamental defect which inherently results in a complete miscarriage of justice.'" Federal courts lack the power under § 2255 to rectify errors that fall short of "vitiat[ing] the sentencing court's jurisdiction or are otherwise of constitutional magnitude."

*Broadway v. United States*, 104 F.3d 901, 903 (7th Cir. 1997) (quoting, respectively, *Reed*, 114 S. Ct. at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (citations omitted), and *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993)) (citations omitted) (alteration in original).

C.      *Defendant's Ineffective Assistance of Counsel Claims*

   1.   *Legal Standard*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances.  *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea.  *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153.  A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.  Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]"  *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).  Thus,

6

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *See id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality

of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also*, *O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 LED.2d 203 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id*. at 58-60, 106 S.Ct. 366; *Amstead v. Scott*, 37 F.3d 202, 206 (5th Cir.1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. E.o.*, 156 F. Supp 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.); *see also*, *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.) (same); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.").

    2.    *Pre-Plea and Plea Representation*

For the most part, defendant's claims relate to the effectiveness of counsel in connection with the sentencing proceedings. However, defendant does argue in general terms that counsel "did in fact utterly fail at providing even a symbolence [sic] of reasonable and competent representation," Mot. to Vacate, ¶ 5, and that "during all phases of his Case to include but not limited to: Pre-Plea Dialogues, The Plea, subsequent Sentencing and even after Sentencing Defendant did at all time voice his specific and non-specific concerns and issues with Counselor Sabbota to no avail." *Id.*, ¶ 6. Defendant also states that counsel failed to subject the government's case to meaningful adversarial testing, *see id.*, ¶ 7, and subjected him to coercion and duress, *see id.*, ¶ 8. The Court should conclude that defendant is not entitled to relief on these claims.

Defendant's claims of dissatisfaction with counsel contradict his statements at the plea hearing, in which he expressly indicated that he was satisfied with counsel's representation in general and with respect to the plea in particular, and that he had received no promises, threats, or inducements to plead guilty. *See* Plea Tr., at 17-18, 34-35. "These declarations concerning the performance of [defendant's] counsel were made in open court under oath and thus carry a strong presumption of verity." *United States v. Grewal*, 825 F.2d 220, 223 (9th Cir. 1987), *quoted in Johnson v. O'Dea*, No. 93-5446, 1993 WL 513933, at *4 (6th Cir. Dec. 9, 1993); *accord Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975); *see also*, *Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Although defendant contends that counsel did not subject the prosecution's case to any meaningful adversarial testing, he does not suggest what lines of defense or what exculpatory evidence counsel should have or could have

9

pursued in light of the clear evidence of his guilt. *See Jones v. Page*, 76 F.3d 831, 841 (7th cir. 1996) (defense counsel has duty only to pursue those defenses reasonably suggested by the factual circumstances surrounding the case); *Flores v. Johnson*, 957 F. Supp. 893, 913 (W.D. Tex. 1997) (petitioner "has identified no exculpatory evidence or additional defensive theories that would have been discovered or developed had his counsel investigated the case more thoroughly. . . . Thus, those assertions of ineffective assistance do not satisfy the prejudice prong of *Strickland*.").

In short, the record reflects that defendant was satisfied with counsel's performance in connection with the plea, and that counsel negotiated a favorable plea deal, which resulted in defendant being sentenced at the low end of the guideline range on Count I and a dismissal of Count II. "[C]ounsel's duty under the Constitution was to negotiate a reasonably favorable plea agreement, not the best one possible." *Abreu v. United States*, 925 F. Supp. 1404, 1411 (N.D. Ind. 1996); *cf. Marion v. United States*, No. 94-5180, 1994 WL 545441, at *2 (6th Cir. Oct. 5, 1994) (Defendant "appears to now believe he might have gotten a better deal by pleading guilty to a different count. This is wholly insufficient to invalidate a plea agreement."). "The fact that . . . defendant may [now] regret having followed his attorney's advice is not grounds for relief under 28 U.S.C. § 2255." *United States v. Kranzthor*, 614 F.2d 981, 983 (5th Cir. 1980). Accordingly, the Court should conclude that defendant is not entitled to relief based on counsel's performance at the pre-plea and plea stages of the case.

    3.    *Sentencing Representation*

The bulk of petitioner's motion relates to counsel's allegedly deficient performance in connection with sentencing. Specifically, petitioner contends that the presentence report was based on incorrect information and contained unresolved errors, and that there are substantial and

10

compelling matters of mitigation and extenuation which would have provided a basis for a downward departure. *See* Mot. to Vacate, ¶¶ 2-4. Again, defendant has failed to provide any specifics regarding what information was incorrect, what errors exist in the presentence report, and what facts would have supported a downward departure. And, again, defendant's claim is belied by the record. The record of the sentencing hearing clearly indicates that defendant knew the exact sentencing range that he would be subject to, and that he would likely be sentenced at the bottom of that range. Consistent with this understanding, defendant was in fact sentenced at the extreme low end of the sentencing range. Counsel cannot be deemed "ineffective for not presenting sentencing arguments that conflict with stipulations made in connection with a client's underlying plea." *United States v. Willinger*, 95 Fed. Appx. 281, 285 (10th Cir. 2004). Because defendant stipulated to the applicable sentencing range, his ineffective assistance of counsel claim is without merit. *See United States v. Laskowski*, 1 Fed. Appx. 363, 367 (6th Cir. 2001); *United States v. Williams*, 176 F.3d 301, 312 (6th Cir. 1999). Accordingly, the Court should conclude that defendant is not entitled to relief on this claim.

D.    *Other Claims for Relief*

It is not entirely clear whether defendant is also bringing substantive challenges to his plea and sentence apart from his ineffective assistance of counsel claims. To the extent he is doing so, he is not entitled to relief because the claims are procedurally defaulted. Defendant did not raise these claims in either the trial court or the Sixth Circuit, although he had the opportunity to do so. This constitutes a double procedural default. *See Phillips v. United States*, 229 F.3d 550, 552 (6th Cir. 2000); *see also*, *Alley v. Bell*, 101 F. Supp. 2d 588, 615-16 (W.D. Tenn. 2000) (procedural default doctrine applies to judicial bias claims), *aff'd*, 307 F.3d 380, 389-90 (6th Cir. 2002). Thus,

§ 2255 relief on these claims is barred unless defendant can show cause for, and prejudice attributable to, his defaults, *see Phillips*, 229 F.3d at 552, or that the constitutional errors he alleges "'ha[ve] probably resulted in the conviction of one who is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *accord Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Apart from his ineffective assistance claims, which as discussed above are without merit, defendant has presented nothing which would constitute cause to excuse his procedural default. Nor has he made any argument that he is actually innocent of the charges against him. Accordingly, to the extent defendant is attempting to assert substantive claims relating to his plea and sentence apart from his ineffective assistance claims, the claims are defaulted and provide no basis for relief under § 2255.

E.  *Conclusion*

In view of the foregoing, the Court should conclude that defendant has not established his entitlement to relief under § 2255 because his claims are either without merit or procedurally defaulted. Accordingly, the Court should deny defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. If the Court agrees with this recommendation, the Court should deny defendant's remaining motions as moot.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 12/22/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 22, 2006.
>
> s/Eddrey Butts
> Case Manager